UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DONYELL GERARD JOHNSON, | ) |
| Plaintiff, | ) Case No. 1:07-cv-77 |
| v. | ) Honorable Robert Holmes Bell |
| T. STEWART et al., | ) |
| Defendants. | ) |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Alexander and Bowman. The Court also will dismiss Plaintiff's due process and Eighth Amendment claims against the remaining Defendants. The Court will serve Plaintiff's surviving First Amendment and retaliation claims against Defendants Stewart, Loss, Bowman and Caruso.

**Discussion**

    I.    <u>Factual allegations</u>

Plaintiff is incarcerated in the E. C. Brooks Correctional Facility (LRF), but the events giving rise to his complaint occurred at the Muskegon Temporary Facility (MTF). In his *pro se* complaint, Plaintiff sues the following LRF employees: Inspector T. Stewart, Resident Unit Officer (unknown) Loss, Resident Unit Manager (unknown) Bowman, Warden Mary Berghuis and D. Alexander. Plaintiff also sues Patricia Caruso, Director of the Michigan Department of Corrections.

Plaintiff alleges that on August 11, 2006, he received a rejection notice from the prison mail room regarding two issues of the "Five Percenter" newspaper that were mailed to him pursuant to a subscription. The notice stated that the newspapers contained gang signs. On August 15, 2006, Defendant Bowman conducted an administrative hearing concerning the newspapers. Plaintiff disputed the existence of gang signs in the newspapers and complained that the purported gang signs should have been removed and the rest of the newspaper forwarded to Plaintiff. Bowman told Plaintiff that he had never heard of the newspaper and would have to review it before making a decision.

Two days later, on August 17, 2006, Plaintiff met with Defendant Stewart regarding the newspapers. Stewart informed Plaintiff that the newspapers had been sent to Lansing for a determination whether they were associated with a Security Threat Group (STG).[1] Stewart also asked Plaintiff to sign an STG renunciation form. Plaintiff refused to sign the form because it "did

---

[1] An STG is a group of prisoners designated by the Director as possessing common characteristics which distinguish them from other prisoners or groups of prisoners and which, as a discrete entity, poses a threat to staff or other prisoners or to the custody and security of the facility. *See* MICH. DEP'T. OF CORR., Policy Directive 04.04.113(A) (eff. Mar. 6, 2000).

- 2 -

not have anything to do with him." (Compl., 4.) As a result of his refusal, Stewart ordered Defendant Loss to search Plaintiff's cell. Loss confiscated some of Plaintiff's literature, including: The Breakdown to The Universal Flag of The Nation of Gods and Earths, passport information, copyright notice and an African Studies packet. Also as a result of his refusal to sign the renunciation form, Plaintiff was designated an STG I member and transferred from MTF, a security level I facility, to LRF, a security level II facility.[2] Plaintiff asserts violations of his First and Eighth Amendment rights. He also contends that Defendants designated him an STG member and transferred him to LRF in retaliation for exercising his First Amendment rights. Plaintiff seeks declaratory relief and monetary damages.

　　　　II.　　　Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

---

[2]Unless an exception is approved by the appropriate CFA Regional Prison Administrator, a prisoner designated an STG I member must be housed in security Level II or higher. *See* MICH. DEP'T. OF CORR., Policy Directive 04.04.113(P).

### A. Fourteenth Amendment - Due Process

While Plaintiff does not specifically assert a violation of his due process rights, his allegations regarding the STG designation and transfer to LRF implicate the Due Process Clause. The Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, *2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement). The Sixth Circuit has specifically held that a prisoner is not entitled to due process before being designated an STG member. *See Harbin Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005); *Ford v. Harvey*, No. 04-1210, 106 F. App'x 397, 399 (6th Cir. 2004). Because Plaintiff does not have a constitutional right to be incarcerated in a particular facility or to be held in a specific security classification, he fails to state a due process claim arising from his STG designation or his placement at LRF.

Plaintiff's claims that Defendants rejected his incoming mail and seized religious literature from his cell also implicate the Due Process Clause. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. Due process generally

requires notice and a hearing prior to the deprivation of property. *Zinermon v. Burch,* 494 U.S. 113, 127 (1990). Where a pre-deprivation hearing is impractical, a post-deprivation hearing may be constitutionally adequate. *Id.* at 128. The Due Process clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125 (emphasis in original). Plaintiff does not allege that he was deprived of notice and a hearing with regard to his property. Therefore, he fails to state a due process claim arising from the seizure of his property.

        B.    **Eighth Amendment**

Plaintiff claims that "[t]he actions taken by Defendants in this matter are in violation of Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment." (Compl., 6.) He further alleges that he "constantly feels the stress and strain of mental anguish day by day due to the cruel and unusual punishment as administered by the defendants in this action." (Compl., 6.) The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

None of the conduct alleged in the complaint rises to the level of an Eighth Amendment violation. Furthermore, Plaintiff's Eighth Amendment claim for mental anguish is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999); *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Jarriet v. Wilson*, No. 03-4196, 2005 WL 3839415, at *4 (6th Cir. July 7, 2005). Plaintiff does not allege that he has suffered any physical injury as the result of Defendants' alleged conduct. Accordingly, Plaintiff fails to state an Eighth Amendment claim.

    C.    **Defendants Alexander and Berghuis**

Plaintiff fails to make any specific factual allegations whatsoever against Defendants Alexander and Berghuis. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id*.;

*Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to allege or show that Defendants Berghuis and Alexander engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### D.     Remaining Claims

Upon initial review, the Court concludes that Plaintiff's First Amendment and retaliation claims against Defendants Stewart, Loss, Bowman and Caruso are not subject to dismissal under 28 U.S.C. § 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), against Defendants Alexander and Bowman. The Court also will dismiss for failure to state a claim Plaintiff's due process and Eighth Amendment claims against the remaining Defendants. Plaintiff's surviving First Amendment and retaliation claims will be served against Defendants Stewart, Loss, Bowman and Caruso.

An Order consistent with this Opinion will be entered.


Date:     March 15, 2007              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE